FILED

MAR 0 9 2004

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| MINDY KAHLE, | ) | Civ. No. 04-5024 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JERMAINE LEONARD, individually and in his official capacity; DEPUTY TIM MALONE, individually and in his official capacity, SHERIFF DON HOLLOWAY, individually and in his official capacity; PENNINGTON COUNTY SHERIFF'S OFICE; and PENNINGTON COUNTY JAIL, | ) ) ) ) ) ) ) ) ) ) | **COMPLAINT** |
| Defendant. | ) | |

COMES NOW the Plaintiff, Mindy Kahle, by and through her attorneys, Steven C. Beardsley and Elizabeth M. Frederick, and for her Complaint against Defendants, states and alleges as follows:

1.

This is an action arising out of the laws of the United States, particularly Civil Rights Act, Title 42, and consequently there is a Federal question under 28 USC § 1331, and jurisdiction under Section 28, USD §§ 1343 and 1367.

2.

Mindy Kahle was charged with a crime and placed in the Pennington County Jail under the control and custody of Don Holloway, Pennington County Sheriff. Plaintiff Mindy Kahle was an

inmate at the Pennington County Jail during all times relative to this Complaint.

3.

Don Holloway is the Pennington County Sheriff and is responsible for the hiring and training of the corrections officers at the Pennington County Jail.

4.

Don Holloway is also responsible for the care and management of inmates in the Pennington County Jail.

5.

Don Holloway was the Pennington County Sheriff during all times relative to this Complaint.

6.

Jermaine Leonard was at all times pertinent hereto a deputy with the Pennington County Sheriff's Office and worked as a corrections officer at the Pennington County Jail, acting under color of law and under color of his authority as a corrections officer of the Pennington County Sheriff's Office.

7.

Deputy Malone was at all times relative to this Complaint believed to be the deputy officer assigned to supervise, control, oversee, and/or train Defendant Jermaine Leonard during all times relative to this Complaint.

8.

While incarcerated at the Pennington County Jail, Defendant was subjected to intimidation, sexual harassment, rape, and physical touching by Deputy Jermaine Leonard.

9.

That the actions of Jermaine Leonard occurred on or about December 14, 2002.

10.

That Defendant Jermaine Leonard was in trainee status during all times relative to this Complaint.

11.

On or about the 8th day of April, 2003, Notice Prerequisite of Action for Damages on behalf of Plaintiff was mailed to Ms. Julie Pearson, Pennington County Auditor, by certified mail, return receipt requested, and it was received by the Deputy Auditor as evidenced on the Admission of Service, dated the 9th day of April, 2003.

**FIRST COUNT**
**VIOLATION OF CIVIL RIGHTS**

12.

Plaintiff hereby realleges Paragraph 1 through 11 of her Complaint.

13.

On or about December 14, 2002, Plaintiff was being detained at the Pennington County Jail and was in the care and control of Don Holloway and the Pennington County Jail.

14.

Defendant Jermaine Leonard was hired by Don Holloway as a deputy with the Pennington County Sheriff's Office some time prior to December 14, 2002.

15.

On or about December 14, 2002, Defendant Jermaine Leonard was still a trainee with the Pennington County Sheriff's Office and worked as a trainee corrections officer at the Pennington County Jail.

16.

On or about December 14, 2002, Defendant Deputy Sgt. Malone was assigned to train, supervise, control, and/or oversee Defendant Jermaine Leonard during Defendant Leonard's shift that evening.

17.

on or about December 14, 2002, Defendant Leonard physically entered Plaintiff's cell on several occasions between the hours of approximately 10 p.m. to midnight, during which time Defendant Leonard caused harmful and/or offensive conduct, including

but not limited to, kissing, penal and digital touching in the vaginal area of Plaintiff, and oral sex.

18.

That during all times Defendant Leonard was acting under color of law and under color of his authority as a deputy with the Pennington County Sheriff's Officer and corrections officer with the Pennington County Jail.

19.

That upon the commitment of Plaintiff to the care and custody of Don Holloway and the Pennington County Jail, it then and there became the Defendants' duty to provide an environment which is free from malicious searches, intentional harassment, unwelcome sexual fondling and egregious sexual contact of officers acting under color of law, cruel and unusual punishment, and unlawful physical violence.

20.

The Defendants knew or should have known of these duties.

21.

That Defendants failed in a negligent, reckless, indifferent, wanton and willful manner to provide such an environment to the Plaintiff, violating the constitutional rights of Plaintiff.

22.

That the Defendant Holloway failed to properly hire, supervise, control, train, and/or direct its employee(s), resulting in violation of Plaintiff's constitutional rights.

23.

That Defendant Malone failed to properly supervise, control, train, and/or direct Defendant Leonard on or about December 14, 2002, resulting in violation of Plaintiff's constitutional rights.

24.

That Defendants Malone, Holloway, Pennington County Sheriff's Office, and Pennington County Jail knew and/or should have known of Defendant Leonard's behavior.

25.

That Defendants Holloway, Pennington County Sheriff's Office, Pennington County Jail, and Sgt. Malone failed to implement policies and procedures to eliminate the high risk of serious injury to Plaintiff.

26.

That said actions and/or omissions of Defendants resulted in a violation of Plaintiff's constitutional rights.

## SECOND COUNT
## ASSAULT AND BATTERY

27.

Plaintiff hereby realleges Paragraph 1 through 26 above.

28.

That Defendant Leonard intended to cause harmful and offensive contact to Plaintiff and to place Plaintiff in imminent apprehension of such contact.

29.

That harmful and/or offensive contact did occur to the Plaintiff as a direct or indirect result of Defendant Leonard's behavior.

30.

Said contact caused damage to Plaintiff.

31.

Plaintiff suffered injuries as a result of Defendant Leonard's behavior.

## THIRD COUNT
## NEGLIGENCE

32.

Plaintiff hereby realleges Paragraphs 1 through 31 above.

33.

That Defendants had a duty to supervise, monitor, and train its employees.

34.

That Defendants failed to adequately supervise, monitor and train its employees.

35.

That Defendants failed to implement procedures, practices and safeguards to prevent such harm to female inmates.

36.

That this failure caused harm to Plaintiff.

37.

That as a direct and proximate cause of Defendants' negligence, Plaintiff has been injured.

**FOURTH COUNT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

38.

Plaintiff hereby realleges Paragraph 1 through 37 above.

39.

Defendant Leonard knew, or in the exercise of reasonable care should have known, that his conduct would result in serious emotional distress to Plaintiff.

40.

Defendant Leonard's conduct was extreme and outrageous, which intentionally and/or recklessly caused severe emotional distress to Plaintiff.

8

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. A judgment declaring Defendants liable for the above-stated harms;

2. An award of damages against Defendant, jointly and severally, for such sums as will fairly compensate Plaintiff for the damages described hereinabove, plus punitive damages;

3. An award of attorney fees, costs and disbursements herein; and

4. Any and all other such relief this Honorable Court deems just and equitable.

Dated this 26th day of February, 2004.

_____
Elizabeth M. Frederick
807 Columbus, No. 1
Rapid City, SD  57701
(605) 343-8400

and

BEARDSLEY, JENSEN & VON WALD,
Prof. L.L.C.

By: _____
Steven C. Beardsley
P.O. Box 9579
Rapid City, SD  57709
(605) 721-2800

**TRIAL BY JURY IS HEREBY DEMANDED**

9