UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MINDY KAHLE,                   ) | CIV. 04-5024-KES |
| ) | |
|     Plaintiff,              ) | |
| ) | ORDER ON |
| vs.                            ) | MOTION FOR |
| ) | ATTORNEYS' FEES |
| JERMAINE LEONARD and            ) | |
| DEPUTY TIM MALONE,              ) | |
| ) | |
|     Defendants.            ) | |

Plaintiff, Mindy Kahle, brought a claim pursuant to 42 U.S.C. § 1983 against defendants Jermaine Leonard and Deputy Tim Malone for violating her civil rights.[1] In her complaint, Kahle alleged that while she was a pretrial detainee at the Pennington County Jail correctional officer trainee Leonard forced her to engage in nonconsensual sexual contact. Kahle further alleged that Malone, as the correctional officer training Leonard, failed to supervise Leonard, thereby allowing the nonconsensual sexual contact to occur.

Defendant Malone moved for summary judgment, in part based on his assertion that he was protected from suit by qualified immunity. This court denied Malone's motion for summary judgment and Malone appealed. The

---

[1] Kahle also brought claims against Sheriff Don Holloway, the Pennington County Sheriff's Office, the Pennington County Jail, and Scott Schuft, which this court dismissed on summary judgment. Kahle v. Leonard, 2006 WL 1519418 (D.S.D. 2006).

Eighth Circuit affirmed the denial of summary judgment in Kahle v. Leonard, 477 F.3d 544 (8th Cir. 2007).  Malone subsequently petitioned the Eighth Circuit for a rehearing en banc, and when that was denied he unsuccessfully petitioned the Supreme Court for a writ of certiorari.

After Malone's appeal rights were exhausted, a trial was scheduled.  During the trial, Kahle submitted evidence in support of her claims of violation of her civil rights, of civil battery, and of intentional infliction of emotional distress against Leonard.  Additionally, Kahle presented evidence on her claim of failure to supervise against Malone.  The jury found in favor of Kahle on the three claims she asserted against Leonard.  The jury found in favor of Malone on Kahle's failure to supervise claim.  The jury awarded Kahle $600,000 in actual damages and $500,000 in punitive damages.  Kahle now seeks attorneys' fees and other costs incurred in bringing her action.

**I.   Attorneys' Fees**

In a § 1983 action, the "prevailing party" is entitled to an award of reasonable attorneys' fees.  42 U.S.C. § 1988(b).  The $1.1 million verdict against Leonard makes Kahle a prevailing party, thereby entitling her to a reasonable attorneys' fee award.  See, e.g., Tyler v. Corner Constr. Corp., Inc., 167 F.3d 1202, 1204 (8th Cir. 1999).  Because Kahle was in state custody during the time of the violation, this litigation is covered by 42

U.S.C. § 1997e, also known as the Prison Litigation Reform Act (PLRA), which contains additional limitations on Kahle's ability to recover attorneys' fees.

In determining what is a reasonable attorneys' fee award, the court must determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The figure obtained by the calculation is known as the lodestar. See Hanig v. Lee, 415 F.3d 822, 824 (8th Cir. 2005). In Hensley, the Court found that in determining an attorneys' fee award under § 1988 in a case with multiple related claims, the "district court should focus on the significance of the overall relief obtained by the plaintiff[.]" Hensley, 461 U.S. at 435.

With respect to the calculation of the lodestar, this court must first determine the number of hours reasonably expended on the litigation. Leonard argues that hours attributable to the claim against Malone and the previously dismissed defendants should be excluded from the attorneys' fees award. In support of this argument, Leonard points to the PLRA, which states that "fees shall not be awarded, except to the extent that—(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights[.]" 42 U.S.C. § 1997e(d)(1). Leonard additionally argues

that case law with respect to § 1983 claims, even without considering the more restrictive language in the PLRA, compels the same result.

The court finds that under the language of the PLRA, Kahle can only recover attorneys' fees that were "directly and reasonably incurred in proving an actual violation" of her rights.  In this case, Kahle did not successfully prove that defendant Malone violated her civil rights by failing to properly supervise Leonard.  Accordingly, she cannot recover fees for hours expended toward that ultimately unsuccessful effort.

Kahle argues that even though she did not prevail on her claim against Malone, the claims against both defendants were interrelated and the court should therefore award the entire amount sought.  In support of this argument, Kahle relies on the Supreme Court decision in <u>Hensley</u>, which held:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.  In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's

> claims were interrelated, non-frivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever a conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Hensley, 461 U.S. at 435.

Kahle contends that the first paragraph of this quote supports her position. When read in context with the second paragraph, however, the court disagrees with Kahle and finds that Hensley is consistent with the PLRA. In this case, it is not a situation wherein Kahle put forth alternative theories of liability against a single defendant, and won on one. Rather, she asserted different theories of liability against different defendants and prevailed against only one of those defendants. The court recognizes that the claims are interrelated because they both relate to an incident which occurred in the Pennington County Jail on December 14, 2002. Therefore, there is substantial overlap in the preparation for and trial of the claims against both defendants. As a result, the court finds that Kahle can recover attorneys' fees for hours that were expended in the furtherance of Leonard's claim. Kahle cannot, however, recover for hours that were directly attributable solely to her unsuccessful claim against Malone.

In Leonard's memorandum in opposition to Kahle's request for attorneys' fees, Leonard objects to attorneys' fees he claims are related to Kahle's unsuccessful claim against Malone. See Docket 248, Exs. A & B. A

5

significant portion of the hours highlighted by Leonard relate to work done by Kahle in response to Malone's appeal on the sovereign immunity issue. Because Kahle ultimately was not a prevailing party with regard to Malone, the court agrees that Kahle is not entitled to attorneys' fees on work done to defend the claim on appeal.

In Kahle's reply brief, she asserts that Exhibit A contains entries directly related to her claim against Leonard.  Kahle first identifies entries related to the issue of consent, asserting that Kahle explored the possibility of moving to strike Leonard's affirmative defense of consent.  Kahle argues that the hours were reasonably expended and led directly to her successful claim against Leonard.  The court agrees that the affirmative defense research, even though it did not ultimately result in a motion for the court, was directly and reasonably incurred in proving that Leonard violated Kahle's civil rights.

Kahle, in her reply brief, does not specifically indicate which hours she asserts are improperly characterized by Leonard.  After reviewing the entries, the court overrules Leonard's objection in part and includes in the compilation of attorneys' fees the following hours incurred in researching the consent defense:

        MKS    06/02/2004   1 hour

        APB    11/01/2004   3 hours
                     11/02/2004   3.5 hours

|     | 11/03/2004 | 5.5 hours |
|     | 11/04/2004 | 3.5 hours |
|     | 12/08/2004 | 2 hours   |
|     | 12/29/2004 | 5 hours   |
|     | 02/03/2005 | 4.5 hours |
|     | 02/04/2005 | 3 hours   |
| TLM | 12/29/2004 | 1.5 hours |
|     | 01/07/2005 | .5 hours  |
|     | 01/20/2005 | .25 hours |
| SCB | 02/06/2005 | 1 hour    |

With respect to any other hours relating to the consent issue, the court finds that Kahle has not submitted sufficient documentation to support her fees request.  See Hensley, 461 U.S. at 434.

    Kahle similarly argues that she is entitled to attorneys' fees for attendance at the Rule 26 meeting.  The court agrees that the Rule 26 meeting was a necessary part of the successful litigation against Leonard.  Accordingly, the court overrules Leonard's objection in part and includes the time entry by SCB on 5/25/2004 (1.5 hours).

    Kahle argues that she is entitled to recover attorneys' fees for hours used to watch training videos played to Leonard and to review the criminal proceedings against him.  The court agrees these hours were reasonably related to Kahle's claim against Leonard.  Accordingly, the court overrules Leonard's objection in part and includes the time entry of ELO on 7/19/2004 (7 hours).

Kahle further argues that she is entitled to attorneys' fees for hours spent preparing to depose Sheriff Holloway because he was aware of the factual circumstances of the assault.  Kahle similarly argues that she is entitled to attorneys' fees for the preparation of her deposition of Bishop.  The court agrees that the depositions of both Sheriff Holloway and Bishop were necessary because both were relevant witnesses to Kahle's claim against Leonard.  Further, the preparation totaled less than seven hours, which the court finds is reasonable.  Kahle further asserts that she is entitled to attorneys' fees for time spent preparing to cross-examine Malone.  The court agrees that Malone was also a relevant fact witness, but finds that Kahle is not entitled to fees for the entirety of the preparation because a significant portion was undoubtedly related to her claim against Malone.  The court will therefore reduce by 50 percent the time spent preparing to cross-examine Malone.  Accordingly, the court overrules Leonard's objection in part and includes the following time entries:

> SCB    03/16/2005    4.1 hours
>         02/12/2008    2.5 hours
>         02/10/2008    3.25 hours

Finally, Kahle asserts that she is entitled to recover hours expended by her counsel evaluating the issue of insurance coverage.  The court agrees that such research was relevant to Kahle's settlement demand to Leonard.

Accordingly, the court overrules Leonard's objection in part and includes the following time entries:

|     |            |           |
|-----|------------|-----------|
| BJL | 11/15/2007 | 2.1 hours |
|     | 11/19/2007 | 2.3 hours |
|     | 12/17/2007 | 1 hour    |
| TBJ | 11/19/2007 | 2 hours   |
| SCB | 11/19/2007 | 1.9 hours |

The remainder of the hours objected to by Leonard, to which Kahle did not respond, are excluded by the court from Kahle's attorneys' fees award.

The court must now determine the reasonable hourly rate for the attorneys representing Kahle. Pursuant to the PLRA: "No award of attorney's fees . . . shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel." 42 U.S.C. § 1997e(d)(3). Both parties agree that the rate yielded by that calculation is $150. Leonard does not object to the rate of $75 per hour for Kahle's paralegal nor does he object to the rate of $75 per hour for law clerks that worked on Kahle's file. Accordingly, the court finds those rates to be reasonable.

**II. Enhancement**

Kahle further moves the court to apply a one-third multiplier to the attorneys' fee award in this case. Leonard objects to the enhancement,

arguing that under the language of 42 U.S.C. § 1997e(d)(3) of the PLRA, this court cannot apply an enhancement. § 1997e(d)(3) states that no award "shall be based on an hourly rate greater than 150 percent" of the statutory fee. A plain reading of the statute limits the hourly rate to $150 per hour.

### III.  Costs of Litigating the Attorneys' Fee Claim

Kahle also requests that the attorneys' fee award in this case include the time incurred litigating the attorneys' fee request. Time spent litigating the request for attorneys' fees, including preparation of the motion and accompanying brief, can be recovered as a component of Kahle's attorneys' fees. See Jones v. MacMillan Bloedel Containers, Inc., 685 F.2d 236, 239 (8th Cir. 1982). Leonard does not object to Kahle's request for these costs. The court has reviewed the supporting documentation submitted by Kahle in relation to this request and finds an award in the amount of $8,624.12 for the time associated with Kahle's attorneys' fees request to be appropriate.

### IV.  Calculation of Attorneys' Fees

Based upon the rulings of this court, Kahle is entitled to the following award of attorneys' fees, which includes fees incurred by Kahle in litigating her attorneys' fees request:

| Attorney | Hours | Rate | Total | Grand Total |
|---|---|---|---|---|
| Stephen C. Beardsley | 371.15 | $150 | $55,672.50 | |
| Ted L. McBride | 12.95 | $150 | 1,942.50 | |
| Michael K. Sabers | 3.2 | $150 | 480.00 | |
| Travis B. Jones | 2.0 | $150 | 300.00 | |
| Anthony P. Bolson | 44.9 | $150 | 6,735.00 | |
| Brad J. Lee | 396.8 | $150 | 59,520.00 | |
| Elizabeth M. Frederick | 262.6[2] | $150 | 39,390.00 | |
| **Total Attorneys' Fees** | | | | 164,040.00 |
| Paralegal Lisa A. Fitzner | 113.5 | $75 | 8,512.50 | |
| **Total Paralegal Fees** | | | | 8,512.50 |
| Law Clerk Erik L. Olson | 27.05 | $75 | 2,028.75 | |
| Law Clerk Jeffrey Roby | 14.5 | $75 | 1,087.50 | |
| **Total Law Clerk Fees** | | | | 3,116.25 |
| **TOTAL ALL FEES** | | | | 175,668.75 |
| Sales Tax (6%) | | | | 10,540.13 |
| **FEES AND SALES TAX** | | | | **$186,208.88** |

**V.    Non-Taxable Costs**

**A.    Out-of-Pocket Costs**

Kahle seeks reimbursement for non-taxable costs incurred as a result of this litigation. A prevailing party can recover reasonable out-of-pocket

---

[2] The court notes that in Kahle's memorandum in support of her motion for attorneys' fees, she asserts attorney Elizabeth Frederick should be compensated for 320.5 hours of work on this case. The invoice submitted by Frederick, however, only documents 278.6 hours expended by Frederick during the course of litigation. To the extent Kahle asserts Frederick is entitled to additional hours, the court finds that Frederick has not submitted sufficient documentation in support of that request. See Hensley, 461 U.S. at 434. Using 278.6 as a starting figure, the court subtracted the hours objected to by defendant to reach 262.6 hours.

expenses incurred by that party's attorney as a part of a reasonable attorneys' fee award.  Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir. 1996).  Out-of-pocket expense are only recoverable, however, if they are the type that are normally charged by attorneys to their clients.  Id.  Kahle seeks $11,006.81 for expenses that include long distance phone calls, medical fees, and airfare.  Kahle further asserts that these charges are of the type normally charged to clients and that they were reasonable and necessary to effectively litigate her case.

Leonard does not object to the imposition of the out-of-pocket expenses claimed by Kahle.  Further, the PLRA does not circumscribe the ability of a prevailing party to recover out-of-pocket costs as a component of an attorneys' fee award.  Accordingly, the out-of-pocket costs sought by Kahle are hereby awarded.

**B.     Travel Expenses**

During the course of this litigation, Kahle has been incarcerated at the female prison in Pierre, South Dakota.  This court ordered, in a writ of habeas corpus ad testificandum, that Kahle be produced in Rapid City for trial.  Docket 167.  The South Dakota Women's Penitentiary has billed Kahle for the expenses associated with complying with this writ.  Kahle requests that Leonard be ordered to pay her transportation, housing, and supervision

costs incurred during the course of the trial.  Kahle asserts that the costs are out-of-pocket expenses that were billed to Kahle and that they were reasonable and necessary to litigate this matter.  Leonard objects to reimbursing her for these expenses, and argues:

> There is no support for such reimbursement, otherwise any plaintiff who resides away from the site of trial would be entitled to lodging and mileage expense during trial.  Plaintiff's circumstance has nothing to do with the issues in the case, and certainly nothing to do with Jermaine Leonard and the merits of the claim against him.

Docket 248 at 11.

The parties have not cited, and this court's research has not revealed, any authority on whether costs to transport an inmate litigant can be taxed upon the losing party by the prevailing plaintiff.  There is no evidence in the record, however, that this expense was incurred by Kahle's counsel or that such expenses are normally charged by attorneys to their clients.  See Pinkham, 84 F.3d at 294-295 (out-of-pocket expenses are recoverable only if of a type normally charged by attorneys to their clients).  Accordingly, the court denies awarding these costs.

### C. Expert Fees

Kahle moves the court to award her the costs of her expert, Dr. Dewey Ertz.  Leonard objects to imposition of this cost, arguing that it is not authorized under § 1988 or the PLRA.

It is well settled that the cost taxing provisions contained in 28 U.S.C. §§ 1821 and 1920 limit witness fees, including expert witness fees, to a $40-per-day attendance fee.  See W. Va. Univ. Hosps., Inc. v. Casey, 499 U.S. 83, 87, 111 S. Ct. 1138, 1141, 113 L. Ed. 2d 68 (1991).  Recovery of expert witness fees exceeding $40 per day requires "explicit statutory authority." Id.  Following the Court's decision in West Virginia University Hospitals, Congress enacted 42 U.S.C. § 1988(c) which allows the award of expert fees as part of an attorneys' fees award "in any action or proceeding to enforce a provision of section 1981 or 1981a."  No similar relevant provision exists with regard to a claim pursuant to § 1983.  See Jenkins by Jenkins v. State of Mo., 158 F.3d 980, 983 (8th Cir. 1998).  Kahle's motion for expert witness fees, which exceed $40 per day, is therefore denied.

**VI.  Taxable Costs**

Kahle requests that defendant pay the taxable costs associated with this case pursuant to 28 U.S.C. § 1920.  The total of the costs is $7,713.18. Leonard does not object to the motion for taxable costs and they are therefore awarded.

**VII.  Allocation of Kahle's Recovery**

42 U.S.C. § 1997e(d)(2) states that "[w]henever a monetary judgment is awarded [in an action brought by a prisoner], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of the

attorney's fees awarded against the defendant." There is no guidance within the statute with regard to what the court should consider in determining the appropriate percentage pursuant to § 1997e(d)(2). See also Jackson v. Austin, 267 F. Supp. 2d 1059 (D. Kan. 2003) (noting that there is no clear consensus regarding how the court should determine the appropriate percentage it applies toward fees). Further, in Lawrence v. Bowersox, 297 F.3d 727 (8th Cir. 2002), even though the Eighth Circuit remanded the case and ordered the district court to apply 42 U.S.C. § 1997e(d)(2), it gave the district court no guidance in the application of the statute.

On remand in Bowersox, the district court applied one percent of the $10,000 judgment toward the attorneys' fees award of $15,000. See Boesing v. Hunter, 2007 WL 1485976 (E.D. MO. 2007) (unpublished). In Boesing the district court also applied one percent of the $25,000 judgment to the $37,500 attorneys' fees award. Id. The court similarly finds one percent to be the appropriate figure in this case. Kahle received a judgment of $1.1 million. One percent of that judgment is $11,000. Accordingly, the attorneys' fees award reached above ($175,668.75 plus sales tax of $10,540.13) is reduced by $11,000 to $175,208.88.

Based on the foregoing, it is hereby

ORDERED that plaintiff's motion for attorneys' fees, sales tax, and costs (Docket 238) is granted in the amount of $175, 208.88 for attorneys'

fees and sales tax, $11,006.81 for non-taxable costs, and $7,713.18 for taxable costs, for a total amount of $193,928.87.

Dated July 14, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE