UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MINDY KAHLE, | CIV. 04-5024-KES |
| Plaintiff, | |
| vs. | ORDER ON PERCENTAGE OF DAMAGES APPLIED TO ATTORNEYS' FEES |
| JERMAINE LEONARD and DEPUTY TIM MALONE, | |
| Defendants. | |

Plaintiff, Mindy Kahle, brought a claim pursuant to 42 U.S.C. § 1983 against defendants Jermaine Leonard and Deputy Tim Malone for violating her civil rights.[1] In her complaint, Kahle alleged that while she was a pretrial detainee at the Pennington County Jail correctional officer trainee Leonard forced her to engage in nonconsensual sexual contact. Kahle further alleged that Malone, as the correctional officer training Leonard, failed to supervise Leonard, thereby allowing the nonconsensual sexual contact to occur.

Defendant Malone moved for summary judgment, in part based on his assertion that he was protected from suit by qualified immunity. This court denied Malone's motion for summary judgment and Malone appealed. The

---

[1] Kahle also brought claims against Sheriff Don Holloway, the Pennington County Sheriff's Office, the Pennington County Jail, and Scott Schuft, which this court dismissed on summary judgment. Kahle v. Leonard, 2006 WL 1519418 (D.S.D. 2006).

Eighth Circuit affirmed the denial of summary judgment in Kahle v. Leonard, 477 F.3d 544 (8th Cir. 2007). Malone subsequently petitioned the Eighth Circuit for a rehearing en banc, and when that was denied unsuccessfully petitioned the Supreme Court for a writ of certiorari.

After Malone's appeal rights were exhausted, a trial was scheduled. During the trial, Kahle submitted evidence in support of her claims of violation of her civil rights, of civil battery, and of intentional infliction of emotional distress against Leonard. Additionally, Kahle presented evidence on her claim of failure to supervise against Malone. The jury found in favor of Kahle on the three claims she asserted against Leonard. The jury found in favor of Malone on Kahle's failure to supervise claim. The jury awarded Kahle $600,000 in actual damages and $500,000 in punitive damages.

This court then determined that Kahle was entitled to attorneys' fees in the amount of $175,668.75 and sales tax of $10,540.13[2], for a total attorneys' fees award of $186,208.88. The court applied one percent of Kahle's $1.1 million judgment ($11,000) to attorneys' fees, leaving Leonard responsible for $175,208.88 in attorneys' fees and sales tax, in addition to the $1.1 million judgment. On appeal, the judgment was affirmed in all respects, except for the percentage of damages to be applied to Kahle's

---

[2] The court also ordered Leonard to pay Kahle $11,006.81 for non-taxable costs and $7,713.18 for taxable costs. This award is not in dispute.

attorneys' fees under 42 U.S.C. § 1997e(d)(2). Kahle v. Leonard, 563 F.3d 736, 743 (8th Cir. 2009). This issue was remanded to this court to apply the factors articulated in Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam) and other relevant considerations. The Westerhaus factors are: "(1) the degree of culpability or bad faith, (2) the ability of the opposing part[y] to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing part[y] could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions." Kahle, 563 F.3d at 743.

## I. Motion to Strike

Leonard moves to strike plaintiff's response brief contending that it raises entirely new and inappropriate claims and issues. As support for his motion, Leonard relies on F.T.C. v. Neiswonger, 580 F.3d 769, 775 (8th Cir. 2009). Neiswonger, however, addressed an issue that was raised for the first time in a reply brief, not a response brief as was the case here. A party responding to an argument raised by the other party has a right to raise its defense in a responsive brief.

Leonard further contends that plaintiff is improperly attempting to introduce the issue of insurance coverage into the litigation. Leonard argued in his brief that, "[h]is ability to satisfy an award of attorney's fees is minuscule." (Docket 274 at 30). Thus, he made this evidence relevant.

3

Furthermore, the second Westerhaus factor is the ability of the opposing party to satisfy an award of attorneys' fees. As a result, whether a party has insurance coverage that would satisfy an award of attorneys' fees is relevant. See [Teamsters Local No. 145 v. Kuba, 631 F. Supp 1063, 1073 (D. Conn. 1986)](#) (court instructed defendants in an ERISA case to provide "information concerning their ability to satisfy an award of attorneys' fees by insurance or otherwise"). The motion to strike this portion of Kahle's response is denied.

Lastly, Leonard argues in his motion to strike that unsuccessful settlement negotiation discussions should not be considered by the court. Leonard is correct that the success or unsuccessfulness of settlement negotiations is not a factor for the court to consider under the Westerhaus factors. Thus, the only issue is whether settlement negotiations are otherwise relevant. Kahle contends that settlement negotiations have been found relevant by other courts for the purpose of determining the size of a reasonable attorneys' fees award. See [Lohman v. Duryea Borough, 574 F.3d 163 (3d Cir. 2009)](#); [Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2000)](#); [Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1012 (8th Cir. 2004)](#). But this court has already determined the size of the attorneys' fees award, so that issue is no longer relevant. Kahle has not identified any other relevant purpose for the evidence at this stage of the proceedings.

Therefore, the court grants Leonard's motion to strike that portion of Kahle's response and affidavit that addresses the settlement negotiations issue.

**II. Merits**

42 U.S.C. § 1997e(d)(2) states that, "[w]henever a monetary judgment is awarded [in an action brought by a prisoner], a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of the attorney's fees awarded against the defendant." Prior to Kahle, no circuit court had articulated factors for a district court to apply when determining an appropriate percentage under § 1997e(d)(2). Kahle, 563 F.3d at 743. The Eighth Circuit has now articulated that district courts should consider the Westerhaus factors as set forth previously and any other relevant factors. Id.

**A. Degree of Leonard's Culpability**

Leonard concedes that this factor operates in favor of Kahle. The jury found that Leonard, a guard, sexually assaulted Kahle while she was incarcerated in the Pennington County jail. As a result of the assaults, she has had and still has nightmares and panic attacks, and she suffers from post-traumatic stress disorder. The jury found a high level of culpability on Leonard's part, which is reflected in its award of $500,000 punitive damages. This factor weighs heavily in favor of a lower percentage of the damages being used to satisfy the attorneys' fees.

5

### B. Ability of Leonard to Satisfy Judgment

Leonard currently works as an unskilled laborer in a chicken processing plant and does not appear to have any personal assets that could be used to satisfy the judgment. Leonard's conduct, however, may be covered by the South Dakota Public Assurance Alliance (SDPAA) risk pool. See South Dakota Public Assurance Alliance v. Jermaine Leonard; Pennington County, South Dakota and Mindy Kahle (Docket 277-2). A state circuit court judge, relying on SDCL 3-22-1, has concluded that the SDPAA is required to satisfy the compensatory damages portion of the Kahle judgment.[3] Id. SDCL 3-22-1 requires the SDPAA risk pool to indemnify public employees "for all liability they may incur based upon . . . federal claims including 42 U.S.C. § 1983[.]" Thus, Leonard would be indemnified for any costs assessed against him, including attorneys' fees. The SDPAA, however, will not be responsible for the punitive damages award.

As a result, if the state circuit court decision is upheld on appeal, Leonard will have the ability to satisfy the compensatory damages and attorneys' fees portions of the judgment, but not the punitive damages portion. Because Kahle is likely to only recover the compensatory damages portion of her judgment and Leonard has the apparent ability to satisfy the attorneys' fees portion of the judgment through the SDPAA risk pool, the

---

[3] This decision is on appeal to the South Dakota Supreme Court.

court finds that this factor weighs somewhat in favor of a lower percentage of the damages being used to satisfy the attorneys' fees.

### C. Deterrence of Others

Leonard argues that a sexual assault by a guard of an inmate is a spontaneous event that will not be deterred by an award of attorneys' fees. The court agrees that generally sexual assaults are spontaneous events. Even criminal penalties have not been found to deter all sexual assaults by guards on inmates.

Kahle argues that an award of attorneys' fees would serve as an incentive to jail and prison administrators to more closely monitor the actions of their correctional officers. The supervisors and trainers, however, were not found to be at fault here. Thus, the court finds that this factor somewhat favors a higher percentage of the damages award being used to satisfy the attorneys' fees award.

### D. Relative Merits of the Parties' Positions

The court denied summary judgment to Leonard. Kahle received a very large verdict in her favor from the jury and was meritorious on two appeals. During the trial, Leonard presented no credible evidence that the sexual interactions were consensual and lied under oath multiple times. Because Leonard refused to accept responsibility for his actions, Kahle's attorneys spent hundreds of hours litigating this case through a jury verdict

7

and appeal. Leonard has only been successful on a small issue dealing with this attorneys' fees issue. There is no comparison between the merits of the parties' positions. Kahle has been hugely successful, while Leonard has not. Thus, this factor weighs heavily in favor of a lower percentage of damages being used to satisfy the attorneys' fees award.

### E. Other Relevant Factors

The United States Supreme Court has recognized that the prevailing party in a civil rights case is ordinarily entitled to recover attorney fees unless special circumstances make an award unjust. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). "The function of an award of attorney's fees under § 1988(b) is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." Goss v. City of Little Rock, Ark., 151 F.3d 861, 865 (8th Cir. 1998) (quoting City of Riverside v. Rivera, 477 U.S. 561, 578 (1986)). "[T]he civil rights statutes protect constitutionally-based dignitary and individual economic interests, which are uniquely important to our nation as a whole." Martin v. Arkansas Blue Cross and Blue Shield, 299 F.3d 966, 971 (8th Cir. 2002). The legislative history of the civil rights statutes indicates that a presumption in favor of an award of attorneys' fees exists. Id. The court finds that the

legislative history is relevant and weighs heavily in favor of a lower percentage of the damages being used to satisfy the attorneys' fees award.

### F. Application of Factors to this Case

After considering the four <u>Westerhaus</u> factors and the legislative history of the Civil Rights Act regarding an award of attorneys' fees, the court finds that an award of one percent of the $1.1 million judgment[4] is appropriate. Two factors and the other relevant factor (history of Civil Rights Act) weigh heavily in favor and one factor somewhat weighs in favor of a lower percentage of the damages award being used to satisfy the attorneys' fees award. Only one factor somewhat weighs against this conclusion and the court finds that the deterrence factor is not entitled to greater weight than the other factors under the circumstances of this case.

Other courts that have considered the application of 42 U.S.C. § 1997e(d)(2), have also concluded that one percent is an appropriate determination. In Lawrence v. Bowersox, 297 F.3d 727 (8th Cir. 2002), the district court applied one percent of the $10,000 judgment toward the attorneys' fees award of $15,000. See Boesing v. Hunter, 2007 WL 1485976

---

[4] Kahle contends that only the compensatory damages portion of the judgment should be considered and the punitive damages portion should be excluded. 42 U.S.C. § 1997e(d)(2), however, references "a portion of the judgment . . . shall be applied to satisfy the amount of attorney's fees awarded against the defendant." Because the statute draws no distinction between punitive and compensatory damages, the court finds this argument to be without merit.

(E.D. Mo. 2007) (unpublished). In Boesing the district court also applied one percent of the $25,000 judgment to the $37,500 attorneys' fees award. Id. The court similarly finds one percent to be the appropriate figure in this case. Kahle received a judgment of $1.1 million. One percent of that judgment is $11,000. Accordingly, the attorneys' fees award is reduced by $11,000 to $175,208.88.

Based on the foregoing, it is hereby

ORDERED that $11,000 of the $1.1 million judgment shall be applied to the attorneys' fees award, in effect reducing the district court's award for attorneys' fees and sales tax to $175,208.88.

IT IS FURTHER ORDERED that Leonard's motion to strike Kahle's response (Docket 278) is granted in part and denied in part.

Dated February 17, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE